This Decision is a
Precedent of the TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

DUNN

Mailed: December 30, 2013

Cancellation No. 92054730

Multisorb Technologies, Inc.

v.

Pactiv Corporation

**Before Taylor, Mermelstein, and Bergsman, Administrative
Trademark Judges:**

**By the Board:**

Multisorb Technologies, Inc. filed a petition to cancel Pactiv

Corporation's Registration No. 2379185, which issued August 22, 2000 and

has been renewed, for the mark ACTIVETECH for "plastic containers for the

storage and display of perishable foods," on the grounds of abandonment and

fraud. In lieu of the answer required by the Board's last order, respondent

filed a motion consenting to judgment on the ground of abandonment only.

Respondent argues that because its consent to judgment on the ground of

abandonment is sufficient for cancellation, its acceptance of judgment on that

ground alone resolves this matter, and that the proceeding should

accordingly be terminated without judgment on petitioner's fraud claim.

Thus, this case comes up on respondent's motion for entry of judgment on the abandonment claim only. The motion is contested. In support of the motion, respondent argues that the Board's manual of procedure allows a party which does not wish to litigate the case to consent to judgment, and does not specify that the judgment must apply to all claims. Trademark Trial and Appeal Board Manual of Procedure (TBMP) § 604 (3rd ed. rev. 2 June 2013) ("If a party to an inter partes proceeding before the Board does not wish to litigate the case, and is willing to accept entry of judgment against itself, the party may file a statement with the Board indicating that it consents to entry of judgment against itself."). Respondent asserts that, inasmuch as the entry of judgment on the abandonment claim is sufficient to cancel the registration, the limited judgment "resolves this matter completely." Petitioner opposes the motion, arguing that if respondent does not wish to consent to entry of judgment on the fraud claim, respondent must answer the petition and defend its position.

DISCUSSION

Trademark Rule 2.116(a), 37 CFR § 2.116(a), provides that procedure before the Board is generally governed by the Federal Rules of Civil Procedure, except where otherwise provided in the CFR (Code of Federal Regulations). Consistent with this provision, and to enhance predictability and consistency, the Board also generally follows settled federal practice when deciding cases raising procedural issues that fall within the interstices

between the provisions in the Federal Rules, the CFR, and the Trademark Board Manual of Procedure ("TBMP"). This is one of those cases.

Like the federal courts, the Board has generally used its discretion to decide only those claims necessary to enter judgment and dispose of the case. *See* TBMP 102.01; WRIGHT, MILLER, KANE, AND MARCUS, 13B Fed. Prac. & Proc. Civ. § 3533 (3d ed., rev. 2013) ("Courts do not wish to make law, nor to waste their limited resources, simply to satisfy a litigant's curiosity or a naked desire for vindication."). More specifically, the Board's determination of registrability does not require, in every instance, decision on every pleaded claim. *See American Paging Inc. v. American Mobilphone Inc.*, 13 USPQ2d 2036, 2039-40 (TTAB 1989), *aff'd*, 923 F.2d 869, 17 USPQ2d 1726 (Fed. Cir. 1990) (not precedential) ("Having determined that petitioner is entitled to the relief it seeks based upon its claim pursuant to Section 2(d) of the Lanham Act, we need not address petitioner's claim that registrant has abandoned its rights in the mark AMERICAN MOBILPHONE PAGING and design.").[1] To assess what claims must be decided to dispose of a case, the Board, like the federal courts, will typically look to individual circumstances, including the

---

[1] *Accord ShutEmDown Sports, Inc. v. Lacy*, 102 USPQ2d 1036, 1045-1046 (TTAB 2012) ("We need not discuss the remaining elements of the fraud claim or render a decision on it, as we have already determined that the registration must be cancelled in its entirety both on the abandonment claim and because of the application's voidness."); *Venture Out Props. LLC v. Wynn Resorts Holdings LLC*, 81 USPQ2d 1887, 1894 (TTAB 2007) ("In view of our decision finding a likelihood of confusion, we need not reach the issue of dilution."); *Interlego AG v. Abrams/Gentile Entertainment Inc.*, 63 USPQ2d 1862, 1864 (TTAB 2002) ("Having found that there exists a likelihood of confusion, we elect to sustain the opposition on this basis alone.").

specific claims pleaded. *See* WRIGHT, MILLER, KANE, AND MARCUS, 13B Fed. Prac. & Proc. Civ. § 3533 (3d ed., updated April 2013) ("Courts recognize that it may be valuable to decide alternative grounds, even though not all are necessary, and also understand that there may be excellent reasons to avoid alternative grounds.").

Before turning to the question of whether judgment on a single claim is appropriate here, we distinguish respondent's motion from the procedures set forth in Trademark Rule 2.134.[2] Both of the situations contemplated in Rule 2.134 and the issue presented by respondent's motion involve cancellation of a subject registration without the petitioner's consent.[3] However, Trademark Rule 2.134 ensures that the unconsented cancellation of a challenged registration outside the context of a Board proceeding does not

---

[2] Trademark Rule 2.134 provides:

(a) After the commencement of a cancellation proceeding, if the respondent applies for cancellation of the involved registration under section 7(e) of the Act of 1946 without the written consent of every adverse party to the proceeding, judgment shall be entered against the respondent. The written consent of an adverse party may be signed by the adverse party or by the adverse party's attorney or other authorized representative.

(b) After the commencement of a cancellation proceeding, if it comes to the attention of the Trademark Trial and Appeal Board that the respondent has permitted his involved registration to be cancelled under section 8 of the Act of 1946 or has failed to renew his involved registration under section 9 of the Act of 1946, an order may be issued allowing respondent until a set time, not less than fifteen days, in which to show cause why such cancellation or failure to renew should not be deemed to be the equivalent of a cancellation by request of respondent without the consent of the adverse party and should not result in entry of judgment against respondent as provided by paragraph (a) of this section. In the absence of a showing of good and sufficient cause, judgment may be entered against respondent as provided by paragraph (a) of this section.

[3] Albeit, in this case, with respect only to one of two claims.

deprive a petitioner of entry of judgment. Here, because respondent consents to entry of judgment, petitioner is not deprived of judgment.

We turn then to respondent's motion for entry of judgment on the abandonment claim only. Petitioner claims that respondent has procured the subject registration by fraud, and argues that our grant of the motion would deprive petitioner of the preclusive effect that would result from a judgment on the fraud claim. We see no point in going forward with a fraud claim when entry of judgment on the abandonment claim will result in cancellation of the registration, and judgment on the claim of fraud — which relates specifically to the procurement of the involved registration itself — would neither bar applicant from filing a new application nor allow petitioner to challenge it on the basis of claim preclusion.

More broadly, the question whether the Board should allow a proceeding to continue on claims remaining after entry of judgment on another claim (whether by consent of the defendant or not) is a matter committed to the Board's discretion in light of the circumstances of each case. While it may not always be true that the Board will find a defendant's consent to entry of judgment on a particular claim to render consideration of other claims unnecessary,[4] we see no point in this instance in engaging in further litigation over whether the registration was procured by fraud when the only remedy — cancellation of this registration — has already been

[4] The result might be different, for instance, if both claims had been completely tried or the second claim was one that would potentially have a preclusive effect in a future application to register the mark.

granted and a decision on the fraud claim would have, at best, limited effect on petitioner's ability to challenge any future attempt by respondent to register the mark.

Accordingly, respondent's motion for entry of judgment on the abandonment claim is GRANTED, and we do not reach the fraud claim. Judgment is hereby entered against respondent and Registration No. 2379185 will be cancelled in due course.